## PUREFOY VS. HILL & CO.

A discontinuance as to one of several defendants, served with process, in an action upon a joint and several promissory note, is a discontinuance as to all. (*Jester vs. Hooper*, 13 *Ark.* 47, and previous cases.)

*Appeal from the Circuit Court of Ouachita county.*

The Hon. ABNER A. STITH, Circuit Judge.

STRAIN for the appellant.

WATKINS & GALLAGHER for the appellees.

HARVARD LAW SCHOOL LIBRARY

Mr. Justice HANLY delivered the opinion of the Court.

This was *assumpsit* brought by the appellees, against the appellant and one William E. Hundley, on a joint and several promissory note, to the October term of the Ouachita Circuit Court, 1855.

Summons returned duly executed on both defendants.

The record shows that, at the return term, the appellant made default, and at the same term, the appellees, by attorney, appeared and discontinued the action as to Hundley, and took judgment final, by default, against the appellant, for the amount of the note, including interest in damages, and costs.

Purefoy then appeared and appealed to this Court, and assigns for error the discontinuance as to Hundley, his co-defendant in the Court below, and the rendering of judgment against himself; insisting, as he does, that the discontinuance as to his co-defendant operated as a discontinuance as to him.

24

The question presented by the record in this cause is no longer an open one in this State.

It is well settled under our statute, that a person having a cause of action, *ex contractu*, against several, may sue one, any, or all of them at his pleasure; yet, if he sue more than one, he thereby elects to treat the contract as *joint* and a discontinuance as to one defendant, who has been served with process, operates as a discontinuance of the suit as to all the other defendants. See *Frazier et al. vs. State Bank*, 4 *Ark. R.* 509; *Hanly vs. Real Estate Bank, same* 600; *Beebe vs. R. E. Bank, same* 552; *Hutchings et al. vs. R. E. Bank, same* 517; *Ashley vs. Hyde & Goodrich*, 1 *Eng. R.* 96–'7; *Pleasants vs. State Bank*, 3 *Eng. R.* 456; *Jester vs. Hooper*, 13 *Ark. R.* 47; *Sillivant & Thorn vs. Reardon*, 5 *Ark. R.* 153.

The appellees having discontinued their action against Hundley, one of the defendants, who was also duly served with process, must be held as having discontinued as to the appellant, the other defendant in the Court below.

The judgment of the Ouachita Circuit Court in this behalf is, therefore, reversed, and the cause remanded to be proceeded in.